# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR09-2003-LRR |
| vs. | |
| RYAN DEAN HEATH, | **ORDER** |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is the defendant's motion for ruling on legal issue and/or ruling on proposed jury instruction (docket no. 26). The defendant filed such motion on March 23, 2009. The government filed a response (docket no. 35) on April 2, 2009. The defendant did not file a reply, and the time for doing so passed.

## II. RELEVANT PRIOR PROCEEDINGS

On January 28, 2009, the grand jury returned and the government filed an indictment against the defendant. Count 1 of the indictment charged the defendant with producing and attempting to produce child pornography, in violation of 18 U.S.C. § 2251(a), 18 U.S.C. § 2251(e) and 18 U.S.C. § 2. Count 2 of the indictment charged the defendant with possessing or attempting to possess child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), 18 U.S.C. § 2252A(b)(2) and 18 U.S.C. § 2.

On March 5, 2009, the defendant filed a motion to suppress. On March 17, 2009, the government filed a response to the defendant's motion to suppress. On March 20, 2009, Magistrate Judge Jon S. Scoles held a hearing on the defendant's motion to suppress.

On March 23, 2009, the defendant notified the court of his intent to enter a

conditional guilty plea pursuant to a plea agreement. The defendant made clear in his notice that he wished to preserve his right to appeal: (1) the legal and instructional issue of whether a mistake of age defense is available when charged under 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e); (2) his sentence; and (3) other usual and customary findings reserved for appeal in plea agreements.

On the same date, the defendant filed the instant motion for ruling. In the motion for ruling, the defendant asks the court to: (1) declare that mistake of age is available as a defense to a charge under 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e); and (2) give an appropriate instruction to the jury. The defendant contends that Federal Rule of Criminal Procedure 12(b)(2) provides the court with the authority to determine whether mistake of age may be asserted as a defense to a charge under 18 U.S.C. § 2251(a) and 18 U.S.C. § 2251(e). As authority for the proposition that mistake of age may be asserted as a defense, the defendant relies on *United States v. United States Dist. Court*, 858 F.2d 534 (9th Cir. 1988). The defendant also alerts the court to contrary authority, including *Gilmore v. Rogerson*, 117 F.3d 368 (8th Cir. 1997), and *United States v. Deverso*, 518 F.3d 1250 (11th Cir. 2008).

On March 24, 2009, Judge Scoles filed a report and recommendation concerning the defendant's motion to suppress.

On March 30, 2009, the defendant appeared before Judge Scoles for a change of plea hearing. At such hearing, the defendant conditionally pleaded guilty to count 1 of the indictment. On the same date, Judge Scoles entered a report and recommendation that a United States District Court Judge accept the defendant's conditional plea of guilty.

On April 2, 2009, the government filed a response to the defendant's motion for ruling. In its response, the government contends that it is appropriate for the court to address the legal issue presented and maintains that the defendant may not rely on mistake of age as a defense.

On the same date, the defendant filed a waiver of objections to the report and recommendation concerning his conditional guilty plea. On April 7, 2009, the court entered an order adopting the report and recommendation pertaining to the defendant's conditional guilty plea. On April 22, 2009, the court also entered an order that made clear the time for filing objections expired and adopted the report and recommendation pertaining to the defendant's motion to suppress.

The court now turns to consider the defendant's motion for ruling.

### III. RELEVANT FACTUAL BACKGROUND

In April of 2007, the defendant held a party at his house on Cottage Row Road in Cedar Falls, Iowa. In exchange for making a private video, the defendant offered $100.00 to a girl who was 15 years old and $100.00 to a girl who was 17 years old. Once inside the defendant's house, the defendant videotaped sexual activity involving the two underage girls. The defendant also engaged in sexual activity with one of the minor females while another participant videotaped such activity. The defendant maintains that he did not know or believe that the girls were under the age of 18.[1]

### IV. ANALYSIS

#### A. Authority to Entertain the Motion for Ruling

Federal Rule of Criminal Procedure 12(b)(2) provides:

> **Rule 12. Pleadings and Pretrial Motions**
> * * *
> **(b) Pretrial Motions.**
> * * *
> **(2) Motions That May Be Made Before Trial.** A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue.

Fed. R. Crim. P. 12(b)(2).

---

[1] The court notes that 18 U.S.C. § 2256(1) sets the age of majority at 18.

Such rule clearly states that "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). "[T]he general issue" is whether the defendant is guilty of the charged offenses. *See, e.g., United States v. Cline*, 362 F.3d 343, 349 (6th Cir. 2004) ("Determining the legal meaning of [a domestic violence order] did not require trial of the general issue of guilt on any count and thus did not invade the province of the jury."); *United States v. Suescun*, 237 F.3d 1284, 1286 (11th Cir. 2001) (defining "trial of the general issue" as "whether [the defendant] was guilty of the charged offenses"). Here, determining whether the defendant can present a mistake of age defense does not require "a trial of the general issue." Fed. R. Crim. P. 12(b)(2). Such a determination is purely a legal matter, and the court need not make any factual findings. Accordingly, the court holds that Federal Rule of Criminal Procedure 12(b)(2) provides the court with the authority to determine whether the defendant may assert mistake of age as a defense.

### B. Determination of Whether Mistake of Age is Available as a Defense when Charged under 18 U.S.C. § 2251(a)

As a preliminary matter, the court notes that the defendant does not appear to claim the government is required to prove that he knew the girls were minors. In any event, such claim is foreclosed when an analysis of the plain language of 18 U.S.C. § 2251(a) is undertaken. *See United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006) ("It is well established that [the Eighth Circuit Court of Appeals] commence[s] any statutory interpretation with the statute's plain language."). The child pornography production statute provides that "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" shall be punished as provided by law. 18 U.S.C. § 2251(a). It requires proof that the persuasion or inducement of the minor be done "with the intent that such minor engage in[] any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" and proof that the "visual

4

depiction was produced using materials that have been mailed, shipped, or transported in interstate or foreign commerce . . . ." *Id.*; *see also United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (discussing requisite proof under 18 U.S.C. § 2251(a)). Thus, with regard to 18 U.S.C. § 2251(a), the government need not prove a defendant knew the age of the minor; "'[a] defendant's awareness of the subject's minority is not an element of the offense.'" *Crow*, 164 F.3d at 236 (quoting *United States Dist. Court*, 858 F.2d at 538); *see also United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n. 5, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994) (noting that producers may be convicted under 18 U.S.C. § 2251(a) without proof that they had knowledge of age); *United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (concluding that knowledge of minor's age must be proved when charged with the attempt to produce child pornography and pointing out that knowledge of minor's age is not required when charged with a completed offense under 18 U.S.C. § 2251(a)); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) (rejecting argument that the district court erred when charging the jury because 18 U.S.C. § 2251(a) does not require proof that the defendant actually knew the person depicted was in fact under 18 years of age); *cf. Deverso*, 518 F.3d at 1257 (concluding knowledge of age is not an element of an offense charged under 18 U.S.C. § 2251(c)).

Concerning the defendant's knowledge of the girls' ages, the court concludes that 18 U.S.C. § 2251(a) does not include an affirmative defense for reasonable mistake of age. In so concluding, the court declines to follow the Ninth Circuit Court of Appeals, which held that it was necessary to recognize mistake of age as an affirmative defense because age is the only distinguishing feature separating criminal conduct from legal conduct in child pornography production cases. *United States Dist. Court*, 858 F.2d at 542-44. The Ninth Circuit Court of Appeals opined that imposing "strict liability . . . would seriously chill protected speech" under the First Amendment. *Id*. at 540. Rather than follow the Ninth Circuit Court of Appeals' analysis, the court concludes that the Eighth Circuit Court

5

of Appeals' analysis in *Gilmore v. Rogerson*, 117 F.3d at 368, applies with equal force when a defendant is charged with a completed offense under 18 U.S.C. § 2251(a).

In *Gilmore v. Rogerson*, the Eighth Circuit Court of Appeals considered the district court's denial of an application for a writ of habeas corpus and rejected the Ninth Circuit Court of Appeals' conclusion that a mistake of age defense must be written into 18 U.S.C. § 2251(a). *Gilmore*, 117 F.3d at 370-73 (parting company with *United States Dist. Court*, 858 F.2d 534). Although it did not make specific findings with respect to 18 U.S.C. § 2251(a), the Eighth Circuit Court of Appeals considered Iowa Code section 728.12(1),[2] that is, a child pornography production statute that is similar to 18 U.S.C. § 2251(a). *Gilmore*, 117 F.3d at 370. The Eighth Circuit Court of Appeals articulated three reasons before concluding that the First Amendment does not mandate a mistake of age defense when a defendant is charged under Iowa Code section 728.12(1) or with sexual exploitation of a minor. *Id*. at 372-73. Those reasons are as follows: (1) there is a strong interest in banning the sexual exploitation of a child whether he or she is truthful or untruthful about his or her age, and a mistake of age defense is directly contrary to such interest; (2) the statute is aimed at producers of child pornography who deal directly with the minor victim and, unlike distributors, producers are in a position to readily and independently confirm

---

[2] Iowa Code section 728.12(1), in relevant part, provides:
> It shall be unlawful to employ, use, persuade, induce, entice, coerce, solicit, knowingly permit, or otherwise cause or attempt to cause a minor to engage in a prohibited sexual act or in the simulation of a prohibited sexual act. A person must know, or have reason to know, or intend that the act or simulated act may be photographed, filmed, or otherwise preserved in a negative, slide, book, magazine, computer, computer disk, or other print or visual medium, or be preserved in an electronic, magnetic, or optical storage system, or in any other type of storage system. A person who commits a violation of this subsection commits a class "C" felony. . . .

the age of the actor or model; and (3) the chilling effect on otherwise protected sexually explicit adult pornography through the reluctance to use young-looking models is qualitatively weak. *Id*. Because those same reasons are equally compelling in the context of 18 U.S.C. § 2251(a), the court concludes that denying the mistake of age defense to child pornography producers does not violate any constitutional right. *Cf. United States v. Deverso*, 518 F.3d at 1257-58 (holding that the Constitution does not mandate a mistake of age defense under 18 U.S.C. § 2251).

In sum, the court concludes that the defendant's knowledge of the girls' ages is not an element that needs to be proved when the government charges conduct under 18 U.S.C. § 2251(a) and there is no constitutionally mandated mistake of age defense that must be read into 18 U.S.C. § 2251(a). It necessarily follows that the defendant is not entitled to a jury instruction that pertains to a mistake of age defense.

## V. DISPOSITION

(1) The defendant's motion for ruling on legal issue and/or ruling on proposed jury instruction (docket no. 26) is **GRANTED IN PART AND DENIED IN PART:**

    (a) The court **GRANTS** the motion for ruling to the extent that the defendant asks the court to determine whether a mistake of age defense may be asserted;

    (b) The court **DENIES** the remainder of the motion for ruling—knowledge of age is not an element of the offense charged in count 1 and 18 U.S.C. § 2251(a) is not constitutionally infirm in the absence of a mistake of age defense.

(2) The time between the filing of the motion for ruling and the date of the instant order is excluded from consideration under the Speedy Trial Act. *See*

18 U.S.C. § 3161(h)(1)(F).

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA